STATE OF NORTH CAROLINA v. DEAN DARWIN FOLAND AND MATTHEW ERWIN PURDY

No. 896SC298

(Filed 6 February 1990)

**Criminal Law § 211 (NCI4th) — Speedy Trial Act — continuances — no judicial determination of necessary factors — violation**

    Indictments against both defendants for trafficking in marijuana were remanded for dismissal where the Speedy Trial Act was in effect when defendants were indicted and convicted; their trial was 345 days after indictment; twelve continuances were entered which defendants claimed were without their knowledge; and an assistant clerk testified that the practice then in effect in Halifax County was for the sitting judge in each session to sign blank continuance order forms; following the conclusion of each session and the departure of the judge, an assistant or deputy clerk xeroxed the signed orders, filled in the names and file numbers of defendants scheduled for trial but not tried, and placed the orders in the files of the affected defendants; the defendants and their lawyers were not informed about the orders; and the judges were not informed what names would be and had been inserted in the orders or whether the defendants affected were in jail or on bond or whether the cases the district attorney tried were older or newer than the cases that were continued. N.C.G.S. § 15A-701(b)(7) plainly provided that a valid continuance order under the Speedy Trial Act required a judicial determination of certain factors; signing blank continuance orders that are later filled in by a clerk without being specifically so instructed by the judge is not such a determination even if grounds may have existed for entering some or even all of them.

**Am Jur 2d, Criminal Law §§ 850-858, 863, 868, 869.**

Judge GREENE concurring.

APPEAL by defendants from *Crawley, Judge.* Judgments entered 8 September 1988 in Superior Court, HALIFAX County. Heard in the Court of Appeals 15 November 1989.

STATE v. FOLAND

[97 N.C. App. 309 (1990)]

*Attorney General Thornburg, by Special Deputy Attorney General James Peeler Smith, for the State.*

*Appellate Defender Hunter, by Assistant Appellate Defender David W. Dorey, for defendant appellant Foland.*

*Robin E. Hudson for defendant appellant Purdy.*

PHILLIPS, Judge.

In pleading guilty to the charge of trafficking in marijuana in violation of G.S. 90-95(h), each defendant reserved his right to appeal the denial of his motions to dismiss the charge on the grounds that his right to a speedy trial was violated and that the contraband received into evidence was the fruit of an unlawful search and seizure. The appeal of the unlawful search and seizure ruling has no merit and is overruled without discussion, as similar investigatory detentions have been upheld by the United States Supreme Court and our Supreme Court in many cases. *See Florida v. Royer*, 460 U.S. 491, 75 L.Ed.2d 229, 103 S.Ct. 1319 (1983); *United States v. Cortez*, 449 U.S. 411, 66 L.Ed.2d 621, 101 S.Ct. 690 (1981); *Adams v. Williams*, 407 U.S. 143, 32 L.Ed.2d 612, 92 S.Ct. 1921 (1972); *State v. Johnson*, 317 N.C. 343, 346 S.E.2d 596 (1986).

But the appeal of the speedy trial denial is well taken. Though the Speedy Trial Act, G.S. 15A-701, *et seq.*, was repealed by Chapter 688, 1989 Session Laws, it was in effect when defendants were indicted and convicted and they were entitled to its protection. In substance, the Act required that except for times justifiably excluded from consideration they be tried within 120 days after indictment. Their trial was some 345 days after indictment, as both defendants were indicted on 30 September 1987 and kept in jail because of their inability to make bail until their cases were disposed of on 8 September 1988. During the interval between indictment and trial, apart from continuances requested or agreed to because of discovery and other necessary reasons, twelve continuance orders were entered that the defendants claimed were entered without their knowledge. The validity of these orders, all of which according to the record were entered under somewhat the same circumstances, determines the appeals; if they are valid the times excluded by them for speedy trial purposes were proper and the trial was within the net 120 day period allowed, but if they are invalid the times excluded by them were not authorized, and defendants are entitled to have the charges dismissed.

In the hearing on defendants' motions the record shows that the following occurred: Defendants' counsel asserted that neither they nor the defendants had notice of the twelve orders and no showing to the contrary was made by the State. The district attorney and defense counsel expressed contradictory recollections as to the identity and age of cases tried during the different trial sessions during the interval involved; the district attorney, defense counsel and the court, assisted by Rose Lucas, Assistant Clerk of Superior Court, reviewed the files of the various cases that were tried ahead of the defendants' and some of the files showed that grounds existed for trying those cases first, but none of the files indicated how the continuance orders came to be entered or that notice was given defendants. Since Ms. Lucas had filed the orders Judge Crawley asked her to testify concerning them. Her testimony was that all the orders resulted from the following practice then in effect in the Halifax County Superior Court: In each session of criminal court the sitting judge signed blank continuance order forms which contained stock, boiler plate findings but did not contain the name of any defendant or the number of any case; the signed orders were left with the Clerk of Court and following the conclusion of each session and the departure of the judge an assistant or deputy clerk xeroxed the signed orders, filled in the names and file numbers of defendants scheduled for trial but not tried, and placed the orders in the files of the affected defendants; the practice was that the defendants and their lawyers were not informed about the orders; and the judges were not informed what names would be or had been inserted in the orders, or whether the defendants affected were in jail or on bond, or whether the cases the district attorney tried were older or newer than the cases that were continued.

The continuance orders entered as above described did not comply with the Speedy Trial Act and are invalid. The exclusion of times for continuances, the only exclusion pertinent to this appeal, was governed by the following provisions of G.S. 15A-701(b)(7):

Any period of delay resulting from a continuance granted by any judge if the judge granting the continuance finds that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial and sets forth in writing in the record of the case the reasons for so finding. A superior court judge must not grant a motion for continuance unless the motion is in writing

**·IN RE COX**

[97 N.C. App. 312 (1990)]

and he has made written findings as provided in this subdivision.

As the statute plainly provided a valid continuance order under the Act required a judicial determination of the factors stated therein and according to the record no such determination was made. A judicial determination requires, *inter alia*, an inquiry by the judge into the factual or legal issues raised, *In the Matter of Crutchfield*, 289 N.C. 597, 223 S.E.2d 822 (1975), signing blank continuance orders that are later filled in by a clerk without being specifically so instructed by the judge is not such a determination. Nor are the orders valid because grounds may have existed for entering some or even all of them; for according to the record grounds for the continuances were not found by a judge after inquiry into the issues involved, as the Act required. Under the circumstances we are obliged to vacate the judgments of conviction and remand the cases to the Superior Court for the entry of orders dismissing the indictments against both defendants.

Vacated and remanded.

Judges BECTON and GREENE concur.

Judge GREENE concurring.

While I do not agree that the defendants' claim of wrongful search and seizure has no merit, I fully concur with the majority as to the speedy trial issue.